**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**HERACLIDES ROSARIO, 93-A-5280,**

        **Plaintiff,**

        **-v-**                                 **16-CV-228(EAW)**

**D. NOLAN, et. al.,**

        **Defendants.**

---

### DECISION AND ORDER

Plaintiff Heraclides Rosario filed this *pro se* action alleging that while he was housed in the Mental Health Unit of Attica Correctional Facility, Defendants failed to protect him from being assaulted by another inmate. Dkt. No. 1. He seeks relief pursuant to 42 U.S.C. § 1983.

Currently before the Court are Plaintiff's Motions for Appointment of Counsel. Dkt. No. 29, 51. In support of his Motions, Plaintiff contends that he cannot afford an attorney, the issues in his case are complex, and he is currently housed in a mental health unit with extremely limited access to a law library. Dkt. No. 51, pp. 1-2.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel is clearly within the judge's

discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity."  *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  It must not allocate *pro bono* resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit."  *Id.*  Moreover, the Court must consider the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor."  *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

This action is in its early stages and discovery is still in process, making it difficult to assess the merits of Plaintiff's claim or the public benefit which could be achieved by appointing counsel. Moreover, Plaintiff has demonstrated that he is able to communicate the factual basis of his claim and to make appropriate discovery demands. Accordingly, this Court finds that appointing counsel for Plaintiff is not justified at this time. It is the Plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

Accordingly, Plaintiff's Motions for Appointment of Counsel (Dkt. Nos. 29 & 51) are denied without prejudice.

**SO ORDERED.**

DATED: Buffalo, New York
March 29, 2019

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**