UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

HERACLIDES ROSARIO, 93-A-5280,

    Plaintiff,

    v.                            16-CV-228-JLS-HKS

DOUGLAS NOLAN,

    Defendant.

_____

### DECISION AND ORDER

Plaintiff Heraclides Rosario commenced this *pro se* action on March 17, 2016, seeking compensatory and punitive damages in connection with an injury he sustained while incarcerated at Attica Correctional Facility ("Attica"). Dkt. 1. On August 1, 2018, this Court referred the case to United States Magistrate Judge H. Kenneth Schroeder Jr. for all pre-trial matters excluding dispositive motions.[1] Dkt. 24. On February 5, 2020, an additional referral was made to Judge Schroeder to hear and report on dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Dkt. 91. Presently before the Court is Judge Schroeder's Report and Recommendation ("R&R"), Dkt. 92, addressing the parties' respective motions for summary judgment. Dkts. 71, 76.

_____

[1] Judge Elizabeth A. Wolford, who was previously assigned to this case, issued the initial referral order. Dkt. 24. On January 29, 2020, this case was reassigned to the undersigned. Dkt. 90.

For the reasons discussed below, the Court accepts Judge Schroeder's recommendations.  Dkt. 92.  Plaintiff's motion for partial summary judgment is denied, and defendant's motion for summary judgment is granted.

## BACKGROUND

The Court assumes the parties' familiarity with the details of this case, outlined in Judge Schroeder's R&R, and will provide only a brief summary of the relevant background.

At all relevant times, the plaintiff was an inmate housed at Attica, and defendant was an employee of the Department of Corrections and Community Supervision ("DOCCS") assigned to Attica.  Plaintiff alleges that his Eighth Amendment rights were violated when defendant failed to protect him from assault by another inmate.

Plaintiff filed this action under 42 U.S.C. § 1983, seeking judgment that his constitutional rights were violated, in addition to compensatory damages, punitive damages, and costs.  Dkt. 1.  Plaintiff amended his complaint on March 29, 2019, removing two John Doe defendants.  Dkt. 65.  Plaintiff filed a motion for partial summary judgment on June 5, 2019.  Dkt. 71.  Defendant filed his motion for summary judgment on July 5, 2019.  Dkt. 76.

On March 22, 2021, Judge Schroeder issued an R&R recommending that this Court deny plaintiff's motion for summary judgment and grant defendant's motion.  Dkt. 92.  Specifically, Judge Schroeder noted that defendant's actions did not constitute deliberate indifference and that plaintiff's deliberate indifference claim

failed as a matter of law. *Id.* at 9. Judge Schroeder also recommended an alternative ground for summary judgment in favor of defendant, noting that summary judgment should be granted to defendant on the basis of qualified immunity. *Id.* at 10. Neither party filed objections to Judge Schroeder's R&R.

## DISCUSSION

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). No objections were filed in this action.

This Court has carefully reviewed the R&R and the relevant record in this case. Based on that review, the Court accepts Judge Schroeder's recommendation to deny plaintiff's motion for partial summary judgment and grant defendant's motion for the same relief.

## CONCLUSION

For the reasons stated above and in the R&R, plaintiff's motion for partial summary judgment (Dkt. 71) is DENIED, and defendant's motion for summary judgment (Dkt. 76) is GRANTED. The Clerk is directed to close the file.

SO ORDERED.

Dated:      June 9, 2021
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE